# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CURTIS WIMBUSH, JR.,**

    Plaintiff,

vs.                                       Case No. 4:16cv288-RH/CAS

**JOHN NOONAN, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Curtis Wimbush, Jr., initiated this case in May 2016, ECF No. 1. Prior to ruling on the motion for in forma pauperis status, ECF Nos. 9-10, Mr. Wimbush filed an amended complaint, ECF No. 5. Thus, only the amended complaint was reviewed and an Order was entered explaining the numerous deficiencies with the amended complaint. ECF No. 10. Mr. Wimbush was required to file a second amended complaint and advised, more than once, that factual allegations must be presented to support his claims, that conclusory allegations are not sufficient, and that he must "be specific" and "explain the basis" for his claims against the named Defendants. ECF No. 10.

On August 22, 2016, Mr. Wimbush filed a second amended complaint against the same six Defendants. ECF No. 11. Two days later, he filed a third amended complaint. ECF No. 12. Only the third amended complaint has been reviewed. N.D. Fla. Loc. R. 15.1(A).

Mr. Wimbush was required to submit his amended complaint [hereinafter "complaint"] on court forms as required by the Rules of this Court. ECF No. 10 (citing N.D. Fla. Loc. R. 5.7(A)). Plaintiff did not comply with that Rule. Had Mr. Wimbush done so, he likely would have included a statement of claims.

Greater deficiencies are present, however, than not complying with Rule 5.7. Mr. Wimbush has continued to name the same six persons as Defendants in this case, notwithstanding the Order explained to him that representation by public defenders is not "state action" and, thus, does not give rise to liability under § 1983. ECF No. 10. Mr. Wimbush was also informed that prosecutors and judges have absolute immunity from liability for damages under § 1983. *Id.* Nonetheless, Mr. Wimbush has continued to name John Noonan, an Assistant State Attorney, Judges Richardson and Flurry, and his court appointed counsel, Jessica Year, as Defendants.

ECF No. 12. Because none of these Defendants may be sued for monetary damages under § 1983, the complaint should be dismissed.

That leaves his complaint against an unidentified court bailiff and Florida State Trooper Jim Boyd. ECF No. 12 at 2. Mr. Wimbush alleges that on May 5, 2013, at approximately 2:30 p.m., Mr. Boyd stopped his vehicle and asked Mr. Wimbush for his driver's license and vehicle registration. ECF No. 12 at 4. Although this version of the complaint is not as clear as the first amended complaint on this point, it is apparent that Mr. Wimbush did not have a driver's license. Mr. Boyd issued him a citation and "a court date of June 5, 2013." ECF No. 12 at 4.

Mr. Wimbush's conclusory claim that he was unlawfully seized by Mr. Boyd is unsupported by any specific facts. The complaint alleges only that he was detained for the amount of time it took Mr. Boyd to issue him a citation. Mr. Wimbush was not arrested or taken to jail, but released and given a court date. That is not unconstitutional. Furthermore, a direction by a law enforcement officer to obtain a driver's license prior to driving a vehicle is not unconstitutional either. Mr. Boyd did not "practice law" by issuing the citation, which is also not "a Bill of Attainder" as asserted by Mr. Wimbush in the complaint. ECF No. 12 at 4. The complaint should be

dismissed as to Mr. Boyd because there are no plausible allegations which demonstrate that he violated Mr. Wimbush's rights.

Mr. Wimbush indicates that he did not attend the June 5, 2014, court date because he was in the hospital. ECF No. 12 at 4. It appears that a capias was issued and he "was summoned to court again on October 9th 2014." *Id.* Mr. Wimbush contends that the unknown "Court Bailiff" violated his rights by unlawfully arresting him. *Id.*; see also ECF No. 5 at 4-5. Mr. Wimbush contends the Bailiff also violated his Oath of Office, ECF No. 12 at 4, but there are no facts explaining that assertion or how, even if true, it violates Mr. Wimbush's constitutional rights. Mr. Wimbush alleges he was handcuffed and jailed for three days. He contends Judge Flurry "neglected to hear" his case and "refused to correct a wrongdoing." *Id.* at 5.

Although the third amended complaint does not clearly say so, it is apparent that Mr. Wimbush was arrested by the Bailiff at the direction of Judge Flurry. Mr. Wimbush has not alleged any specific statement of facts showing how or why his constitutional rights were violated. The third

amended complaint is long on conclusions and short on facts. As presented, it is insufficient to state a claim against the Bailiff.[1]

Mr. Wimbush has already been provided with an opportunity to submit an amended complaint with specific facts which clarify and support his claims. He was informed more than once that his factual allegations must "be specific and he must explain the basis for this claim against each named Defendant." See ECF No. 10 at 4. No further opportunities should be provided to Mr. Wimbush to submit amended complaints. The third amended complaint is insufficient to state a claim upon which relief may be provided and this case should be dismissed.

---

[1] Mr. Wimbush said that on October 9, 2014, he was arrested and taken to jail for three days. ECF No. 5 at 5. Mr. Wimbush was required to "explain whether he was convicted of a criminal offense and sentenced to three days in jail, whether he was held in contempt of court, or something else." ECF No. 10 at 5. He has not done so, but judicial notice is taken of the records from the Leon County Clerk of Court. Those records demonstrate that Plaintiff was given citation number 230966 got "DWLSR," Driving With License Suspended or Revoke, a second degree misdemeanor. Judgment was entered by Judge Nina Ashenafi Richardson pursuant to a plea, and adjudication was withheld, on October 10, 2014. The Order of Judgment reveals Plaintiff was sentenced to 3 days in county jail with credit for 3 days already served. It is apparent that Plaintiff's "arrest" by the Bailiff was at the direction of the court.

Case No. 4:16cv288-RH/CAS

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 19, 2016.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv288-RH/CAS