IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CURTIS WIMBUSH, JR.,

    Plaintiff,

v.                                     CASE NO. 4:16cv288-RH/CAS

JOHN NOONAN et al.,

    Defendants.

_____/

## ORDER DISMISSING THE THIRD AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND

This case is before the court on the magistrate judge's report and recommendation, ECF No. 13. No objections have been filed.

The report and recommendation correctly concludes that the third amended complaint should be dismissed. Most of the allegations are plainly insufficient to state a claim on which relief can be granted. Only one allegation deserves further mention.

The plaintiff alleges that one of the defendants, Florida Highway Patrol trooper Jim Boyd, "approached and unlawful[ly] seized and unlawful[ly] restrained" the plaintiff "from his liberties and ordered to produce a Drivers' License and automobile License in violation of Plaintiff[']s Fourth amendment rights to be secure in his papers." ECF No. 12 at 4. An officer ordinarily may make

a traffic stop only if the officer has reasonable suspicion or probable cause to believe that a crime or traffic violation has been, is being, or is about to be committed, or probable cause to believe that evidence will be found. An individual who is illegally stopped may have a right to recover against the offending officer under 42 U.S.C. § 1983.

Here, though, the plaintiff has not adequately stated a claim based on this principle. First, the plaintiff does not allege facts suggesting the stop was made without reasonable suspicion or probable cause. Second, especially when the allegations are read in context, the plaintiff's beef seems to be that he was asked for his license and registration—a standard and completely lawful request when made as part of a lawful stop—and that, when he could not produce a license, he was cited, and ultimately suffered consequences, for that offense. Third, the plaintiff's conclusory allegation that he was "unlawful[ly] seized" and "restrained," unsupported by factual allegations, can be given no weight, not only because conclusory allegations need not be accepted, but more importantly because the plaintiff's other allegations of illegality make clear he believes many completely lawful practices can be labeled "unlawful."

This order gives the plaintiff one more chance to amend his complaint to conform with the court's rules and the governing law. The plaintiff may file a fourth amended complaint against the trooper alone—not against the other

defendants—and he may do so only on the court's standard form for § 1983 claims that are filed without an attorney. Any fourth amended complaint should allege why the trooper stopped the plaintiff—or said he stopped the plaintiff—and whether the trooper had reasonable suspicion or probable cause for the stop.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's opinion, except that the plaintiff is given leave to file a fourth amended complaint.

2. The clerk must send the plaintiff a standard form for a pro se § 1983 complaint.

3. The plaintiff may file a fourth amended complaint by January 4, 2017. Any fourth amended complaint may name only a single defendant: Jim Boyd in his individual capacity. Any fourth amended complaint must be filed on the court's standard form for § 1983 claims filed without an attorney.

4. The clerk must refer the file to me, not to the magistrate judge, upon the filing of a fourth amended complaint or the expiration of the deadline for filing a fourth amended complaint.

SO ORDERED on December 6, 2016.

s/Robert L. Hinkle<br>United States District Judge